1
2
3
4
5
6                        **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8   SALVATOR H. VITALE IV,                    2:12-CV-2010 JCM (GWF)

9              Plaintiff(s),

10  v.

11  SOCIAL SECURITY

12  ADMINISTRATION,

13             Defendant(s).

14

15                                **ORDER**

16         Presently before the court is the report and recommendation of Magistrate Judge Foley. (Doc.

17  # 27). The magistrate recommends that plaintiff Salvatore H. Vitale's ("plaintiff") motion for remand

18  (doc. # 19) to the Social Security Administration ("SSA") be granted and that the commissioner of

19  social security's ("commissioner") cross-motion to affirm the SSA's decision (doc. # 20) be denied.

20  The commissioner filed objections (doc. # 30) to which plaintiff responded (doc. # 34).

21  **I.     Background**

22         *A.     Facts*

23         In August and November 2009, plaintiff filed applications for a period of disability, disability

24  benefits, and supplemental social security income, alleging he became disabled beginning December

25  18, 2008. On July 8, 2011, the administrative law judge ("ALJ") overseeing the case found that

26  plaintiff was not disabled as defined by the Social Security Act. That decision became final when

27  the appeals council denied plaintiff's request for review on September 17, 2012. On November 20,

28

**James C. Mahan**
**U.S. District Judge**

1   2012, plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

2          B.      *Report & Recommendation and Objections*

3          Plaintiff argued that the ALJ failed to present a proper hypothetical question to the vocational

4   expert ("VE") that, on the record, included all of the limitations or assumptions that the VE was

5   asked to consider in her testimony as to whether plaintiff was capable of performing his past relevant

6   work. In support, plaintiff cited to the SSA's "Hearings, Appeals, and Litigation Law Manual"

7   ("HALLEX") section 1-2-555 which states: "If certain VE testimony is based on an assumption, the

8   VE or ALJ must clearly describe the assumption on the record." (Doc. # 19). Plaintiff argued that

9   the ALJ did not describe on the record the four moderate mental health limits that applied to him.

10  Instead, the ALJ asked the VE only to refer to and review certain hearing exhibits. Thus, plaintiff

11  argued, the ALJ's hypothetical question did not satisfy HALLEX and the ALJ could not rely on the

12  VE's testimony.

13         Noting that HALLEX is not binding on the court, Magistrate Judge Foley found the relevant

14  section was consistent with Ninth Circuit case law. Under Ninth Circuit case law, "hypothetical

15  questions asked of vocational experts must 'set out all of the claimant's impairments.'" *Gamer v.*

16  *Sec'y of Health and Human Serv.*, 815 F.2d 1275, 1279 (9th Cir. 1987); *see also Tackett v. Apfel*,

17  180 F.3d 1094, 1101 (9th Cir. 1999) (same); *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir.

18  1989) (same). The magistrate found that the ALJ's hypothetical question, which referred the VE to

19  certain exhibits and requested that she review them, did not satisfy the clear requirements set out by

20  the Ninth Circuit. Thus, the ALJ's conclusion, ruling that plaintiff was not disabled, improperly

21  relied on invalid VE testimony. The magistrate found it speculative to conclude that the VE

22  recognized the same limitations as the ALJ and incorporated those limitations into her answer when

23  these limitations were not referred to in the question. After a thorough analysis, the magistrate

24  concluded that remand was appropriate because VE testimony based on a properly posed

25  hypothetical question may still establish that plaintiff is able to perform other work available in the

26  national economy. (Doc. # 27).

27  . . .

28

1    Accordingly, the magistrate recommends that the matter be remanded to the SSA for a further

2    hearing to obtain VE testimony regarding plaintiff's ability to work that is based on a proper

3    hypothetical question which clearly sets forth all of the plaintiff's physical or mental impairments

4    or limitations. (Doc. # 27).

5    The commissioner makes two objections to the magistrate's report: (1) that the VE's

6    testimony is not defective merely because the assumptions were written as opposed to oral; and (2)

7    that the magistrate failed to consider that the ALJ relied only on the vocational testimony to support

8    the conclusion that plaintiff could perform his past work as a sandwich maker as generally

9    performed. (Doc. # 30). The court will address each objection in turn.

10   **II.    Legal Standard**

11   A party may file specific written objections to the findings and recommendations of a United

12   States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); LR IB 3–2.

13   Upon the filing of such objections, the district court must make a de novo determination of those

14   portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); LR IB 3–2(b). The

15   district court may accept, reject, or modify, in whole or in part, the findings or recommendations

16   made by the magistrate judge. *Id.*

17   However, the district court need not conduct a hearing to satisfy the statutory requirement

18   that the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674

19   (1980) (observing that there is "nothing in the legislative history of the statute to support the

20   contention that the judge is required to rehear the contested testimony in order to carry out the

21   statutory command to make the required 'determination'").

22   Where a party fails to object, however, the court is not required to conduct "any review at all

23   . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

24   Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate

25   judge's report and recommendation where no objections have been filed. *See United States v.*

26   *Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the

27   district court when reviewing a report and recommendation to which no objections were made); *see*

28

**James C. Mahan**
**U.S. District Judge**

1   *also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's

2   decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any

3   issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's

4   recommendation, then this court may accept the recommendation without review. *See, e.g.,*

5   *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation

6   to which no objection was filed).

7        The court reviews administrative decisions in social security disability benefits cases under

8   42 U.S.C. § 405. *See Akopyan v. Barnhart*, 296 F.3d 852, 853 (9th Cir. 2002). Section 405(g) states:

9        Any individual, after any final decision of the Commissioner of Social

10       Security made after a hearing to which he was a party, irrespective of the
amount in controversy, may obtain a review of such decision by a civil

11       action . . . brought in the district court of the United States for the judicial
district in which the plaintiff resides. . . . The court shall have power to

12       enter, upon the pleadings and transcript of the record, a judgment affirming,
modifying, or reversing the decision of the Commissioner of Social Security,
with or without remanding the cause of a rehearing.

13

14   42 U.S.C. § 405(g).

15

16        The commissioner's findings of fact are conclusive if supported by substantial evidence. *Id.*;

17   *see also Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the commissioner's findings

18   may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v.*

19   *Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "Substantial evidence means more

20   than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind

21   might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

22   2005). The court must "review the administrative record as a whole, weighing both the evidence that

23   supports and that which detracts from the ALJ's conclusion." *Id.*

24        Under the substantial evidence standard, "the Commissioner's findings are upheld if

25   supported by inferences reasonably drawn from the record." *Batson v. Comm'r of Soc. Sec. Admin.*,

26   359 F.3d 1190, 1193 (9th Cir. 2004). A court should defer to the commissioner's decision "if

27   evidence exists to support more than one rational interpretation." *Id.*

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    "The claimant bears the burden of establishing a prima facie case of disability." *Roberts v.*

2    *Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). "An individual is disabled within the meaning of the

3    Social Security Act when she 'is unable to engage in any substantial gainful activity by reason of any

4    medically determinable physical impairment which . . . can be expected to last for a continuous

5    period of not less than twelve months.'" *Id.* (quoting 42 U.S.C. § 1382c(a)(3)(A)). The claimant's

6    burden requires that she "make out a case both that she has an impairment listed in the regulations,

7    and that she has met the duration requirement." *Id.* If a claimant can meet her initial burden, "the

8    burden shifts to the [Commissioner] to show that the claimant can perform other substantial gainful

9    work that exists in the national economy." *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

10    Finally, in assessing whether a claimant is disabled, the ALJ follows a five step sequential

11    process:

12    Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant

13    is not disabled. If not, proceed to step two.

14

15    Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability

16    to work? If so, proceed to step three.  If not, the claimant is not disabled.

17

18    Step three: Does the claimant's impairment, or combination of impairments, meet or equal

19    an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled.

20    If not, proceed to step four.

21

22    Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his

23    or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

24

25    . . .

26    . . .

27    . . .

28

**James C. Mahan**
**U.S. District Judge**

1    Step five: Does the claimant's RFC, when considered with the claimant's age, education, and

2    work experience, allow him or her to adjust to other work that exists in significant numbers

3    in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

4    *Stout*, 454 F.3d at 1052 (citing 20 C.F.R. §§ 404.1520, 416.920).

5    **III.   Discussion**

6    In the first objection, the commissioner argues that the ALJ clearly described the assumptions

7    when the ALJ asked the VE to assume limitations A3, B5, B6, and D from the record. Further, the

8    commissioner argues that VE testimony based on written assumptions is no less reliable than VE

9    testimony based on the ALJ's oral assumptions on the record. Further, the commissioner asserts that

10   the "colloquy" between the ALJ and vocational expert plainly reflects that she reviewed the exhibit

11   and had no problem "understanding" the ALJ's hypothetical question. (Doc. # 30, p. 4).

12   However, the court finds the commissioner's argument unpersuasive. The commissioner's

13   argument is based on unwarranted assertions as to the VE's and the ALJ's subjective understandings.

14   With these assertions, the commissioner actually underscores Magistrate Judge Foley's point. Thus,

15   the court agrees with the magistrate and finds it speculative to conclude that the VE recognized the

16   same limitations intended by the ALJ and incorporated those limitations into her answer.

17   As to the second objection, the commissioner argues that the magistrate failed to consider

18   the extent to which the ALJ's conclusion relied on the VE testimony. The commissioner argues that

19   the ALJ concluded that plaintiff could perform his past work "as actually and generally performed."

20   The commissioner asserts the ALJ relied only on the VE testimony in concluding that plaintiff could

21   perform his past work as "generally performed." (Doc. # 30, p. 4-5).

22   However, the commissioner's argument is unconvincing. The commissioner's entire

23   argument relies on the extent to which the ALJ relied on the VE's testimony. However, the amount

24   of reliance is immaterial because the issue is that the VE testimony itself is invalid. The court agrees

25   with Magistrate Judge Foley's conclusions and finds that the magistrate judge did not err in

26   recommending that the court remand this matter to the SSA.

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

Thus, after conducting de novo review of the portions of the report the commissioner objected to, the court finds good cause appears to adopt the magistrate judge's findings in full.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Foley (doc. # 27) are ADOPTED in their entirety.

IT IS FURTHER ORDERED that plaintiff's motion for remand (doc. # 19) is GRANTED and this matter is remanded to the SSA for a further hearing and proper vocational expert testimony as to whether plaintiff is able to perform his past relevant work.

IT IS FURTHER ORDERED that commissioner's cross-motion to affirm the SSA's decision (doc. # 20) is DENIED.

DATED June 17, 2014.

_____
**UNITED STATES DISTRICT JUDGE**